# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARTIQUE DAUGHTRY

    Plaintiff,

v.

SUPT. KAUFFMAN, *et al.*,

    Defendants.

No. 3:17-CV-0442

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is Plaintiff Martique Daughtry's ("Daughtry") Motion for Default Judgment (Doc. 22), Motion to Appoint Counsel (Doc. 29), and Defendants' Motion to Set Aside Default Judgment (Doc. 23).[1] For the reasons below, Plaintiff's Motion to Appoint Counsel will be denied and Defendants' Motion to Set Aside Default Judgment will be conditionally denied, allowing Defendants the opportunity to set forth a meritorious defense. Because of the conditional denial of the Motion to Set Aside Default Judgment, I will not at this time address Plaintiff's Motion for Default Judgment.

## I. Background

Daughtry alleges he was approached by an inmate on January 1, 2015 who accused Daughtry of killing his brother. (Doc. 1 at 6). "[F]earing for his life, safety [*sic*] and well being[,]" Daughtry stayed in his cell for three (3) days and "took self lockup" on January 15, 2015. *Id.* Over the next few days, Daughtry spoke with a number of officials to express his safety concerns, but was ultimately released from the R.H.U. back into the general population on January 20, 2015. (*Id.* at 7). Following his release to the general population, Daughtry filed a number of grievances and complaints relating to his safety concerns and the conduct of various prison officials

---

[1] As no default judgment has been entered at this time, I will construe Defendant's Motion as a motion to set aside the clerk's entry of default on April 9, 2018.

to those concerns. (*Id.* at 7-8). On the night of March 11, 2015, Daughtry was "struck" in the "back of the head with a very hard object" in his cell. (*Id.* at 8). Daughtry was taken to the hospital where he received a CAT scan, X-rays, and seven (7) stitches in his left arm. *Id.* Daughtry was unable to provide the name of the inmate who frightened him in any of his communications and grievances to prison officials from January of 2015 up until the time of the attack. (*Id.* at 6-8).

Daughtry continued to file various complaints and grievances about his safety concerns and his concerns about how he was treated by prison officials. (*See id. generally*). On March 10, 2017, Daughtry filed a complaint pursuant to 42 U.S.C. § 1983 against Superintendent Kauffman, Deputy Whitesel, Deputy Wakefield, Major Chism, CCPM Bisor, Captain Goss, Lieutenant Allison, Lieutenant Bard, Unit Manager Grove, Counselor Pasquelly, Sargent Reid, Lieutenant Carini, Sargent Hoy, C.O. Ruiz, C.O. Locke, C.O. Parson, and C.O. Brenner for negligence, deliberate indifference, cruel and unusual punishment, and violation of D.O.C. policies. (*Id.* at 6).[2] On October 3, 2017, Daughtry was granted leave to proceed *in forma pauperis*. (Doc. 8). Summonses were issued as to each of the Defendants and provided to the U.S. Marshal for service on January 4, 2018. (Doc. 15). By January 30, 2018, each of the Defendants waived service of the Summons and Complaint and counsel for Defendants sent a waiver form to that effect. (Doc. 16).

On April 9, 2018, after receiving no answer or motions in response to the Complaint, Daughtry requested an entry of default. (Doc. 19). The clerk entered a default against the Defendants that same day. (Doc. 20). Daughtry thereafter moved for default judgment on April 23, 2018. (Doc. 22). On May 15, 2018, Defendants filed a motion to set aside the clerk's entry of default. (Doc. 23). Then, on July 17,

---

[2] The facts as pleaded also give rise to an Eighth Amendment failure to protect claim.

2018, Daughtry filed a motion requesting the court appoint him counsel. (Doc. 29). Both Motions are ripe for review.

## II. Discussion

### A. Motion to Set Aside Default

A default judgment has not yet been entered in this action. Under Rule 55 of the Federal Rules of Civil Procedure, a default judgment may only be entered when the party against whom judgment is sought was served and has "failed to plead or otherwise respond." Fed. R. Civ. P. 55(a). The United States Court of Appeals for the Third Circuit has stated that it "does not favor entry of defaults or default judgments." *Hill v. Williamsport Police Dep't.*, No. 01-4530, 2003 WL 21466902, at *2 (3d Cir. Apr. 16, 2003) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)). Rather, "[the Third Circuit] prefers adjudications on the merits." *Id.* (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984); *see also Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983); *Tozer v. Charles A. Krause Mill Co.*, 189 F.2d 242, 245 (3d Cir. 1951)).

"A court may set aside entry of default for good cause." *World Entm't Inc. v. Brown*, No. 11-2677, 2012 WL 3065349, at *3 (3d Cir. July 30, 2012). Such a determination is "within the sound discretion of the district court." *F.C. Intrieri Const. Co. v. Patel*, No. 1:12-cv-00361, 2012 U.S. Dist. LEXIS 79062, at *3 (M.D. Pa. June 7, 2012). A court must consider the following factors in determining whether an entry of default should be set aside: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." *$55,518 in U.S. Currency*, 728 F.2d at 195 (citing *Gross*, 700 F.2d at 122). "If there is any doubt as to whether the default should be set aside, the court should err on the side of setting aside the default and reaching the merits of the case." *Accu-Weather, Inc. v. Reuters Ltd.*, 779 F. Supp. 801, 802 (M.D. Pa. 1991) (citing *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 240 (3d Cir. 1987)).

3

"Prejudice exists if circumstances have changed since entry of the default such that plaintiff's ability to litigate its claim is now impaired in some material way or if relevant evidence has become lost or unavailable." *Id.* Requiring the plaintiff to establish his claims are meritorious does not constitute prejudice. *Id.* Similarly, "'[d]elay in realizing satisfaction on a claim rarely serves to establish' [a sufficient] degree of prejudice." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club*, No. 05-1031, 2006 WL 623074, at *4 (3d Cir. Mar. 14, 2006) (quoting *Feliciano v. Reliant Tooling Co. Ltd.*, 691 F.2d 653, 656-57 (3d Cir. 1982)). Plaintiff argues he will be prejudiced if the entry of default is set aside because it is possible Defendants will continue to miss deadlines without consequence in the future. (Doc. 26 at 2). As the alleged prejudice is based on a contingency and neither demonstrates his inability to litigate his claims in a material way nor whether relevant evidence will become lost or unavailable, this first factor weighs in favor of setting aside the entry of default.

A defendant's failure to timely answer a complaint is considered "culpable" when the defendant acted "willfully or in bad faith." *Gross*, 700 F.2d at 124. "Mere negligence" on the part of the defendant does not satisfy the culpability standard. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984). Counsel for Defendants stated that her failure to answer the Complaint was unintentional and was the result of problems with her calendaring system due to a sharp increase in her caseload following staffing changes at the Pennsylvania Office of the Attorney General. (Doc. 23 ¶¶ 2-4). Plaintiff offered no reason to find Defendants acted willfully or in bad faith, and the facts presented do not suggest counsel for Defendants was more than negligent in failing to answer the Complaint. This factor therefore weighs in favor of setting aside the entry of default. *Hill v. Williamsport Police Dept.*, No. 01-4530, 2003 WL 21466902, at *2 (3d Cir. Apr. 16, 2003).

As to the second factor, "[t]he showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518 in U.S. Currency*, 728 F.2d at 195 (quoting

4

*Tozer*, 189 F.2d at 244. "[A] defendant must merely show that it has a defense to the action which at least has merit on its face." *Paradise v. Com. Fin. Sys., Inc.*, No. 3:13-cv-00001, 2014 WL 4717966, at * 2 (M.D. Pa. Sept. 22, 2014). Plaintiff correctly notes that Defendants neither answered the Complaint nor asserted or even implied a substantive defense to his claims. (Doc. 26 at 2). Accordingly, I find Defendants' failure to raise a meritorious defense weighs in favor of denying the Motion. *See $55,518.05 in U.S. Currency*, 728 F.2d at 197 (declining to address the first and third factors after determining defendant failed to establish a meritorious defense); *Charowsky v. Kurtz*, No. CIV.A.98-5589, 1999 WL 1038334, at *3 (E.D. Pa. Nov. 8, 1999) ("[T]he Third Circuit has even gone so far as to refer to the presentation of prima facie evidence of a meritorious defense as a 'threshold issue.' . . . The fact that [defendant] has not advanced any evidence of any defense to the plaintiff's complaint, much less prima facie evidence of a meritorious defense, strongly favors denying [defendant's] motion to set aside the default.").

The Third Circuit has considered "the effectiveness of alternative sanctions" in addition to the three factors outlined above in determining whether to deny a motion to set aside an entry of default. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71 (3d Cir. 1987). When faced with the situation where, as here, a defendant has not offered facts that could establish a meritorious defense, courts in the Eastern District of Pennsylvania have conditionally denied the motion to set aside an entry of default as an alternative sanction. *See, e.g.*, *Found. Structures, Inc. v. Safeco Ins. Co. of Am.*, No. 08-4763, 2009 WL 2602431, at *4 (E.D. Pa. Aug. 24, 2009); *Choice Hotels, Int'l, Inc. v. Pennave Assoc., Inc.*, 192 F.R.D. 171, 175-76 (E.D. Pa. 2000); *Charowsky v. Kurtz*, 1999 WL 1038334, at *3. Consistent with the Eastern District of Pennsylvania's approach, I will apply the alternative sanction of conditionally denying Defendants' Motion, subject to reconsideration if, within thirty (30) days hereof, they present facts constituting a meritorious defense. *Charowsky*, 1999 WL 1038334, at *3-4.

**B.     Motion to Appoint Counsel**

5

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace* 6 F.3d 147, 153 (3d Cir. 1993). "Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of *special circumstances* indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present facts and legal issues to the court in a complex but arguably meritorious case.'" *Parkell v. Danberg*, 833 F.3d 313, 340 (3d Cir. 2016) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)) (emphasis in original).

"[V]olunteer lawyer time is a precious commodity[,]" *Montgomery*, 294 F.3d at 499, so the decision to recruit counsel for an indigent prisoner should be exercised "discerningly." *Id.* at 505 n.10. The Third Circuit has provided guidance for the exercise of the district court's discretion in this regard. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499. A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)) (internal quotation marks and brackets omitted). If the threshold requirement is met, the Court then considers a number of factors to determine whether to request counsel for an indigent party. These factors include: (1) Plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57. If the case "appears to have merit" and "most of the aforementioned [*Tabron*] factors have been met," the Third Circuit "instruct[s]" that the district court "should make every attempt

6

to obtain counsel." *Montgomery*, 294 F.3d at 505 (quoting *Parham*, 126 F.3d at 461) (internal quotation marks omitted) (alternation in original).

To determine whether Plaintiff's case has some arguable merit in fact and in law, I must look to the elements required to establish claims of failure to protect and negligence against the United States. To prove failure to protect in violation of the Eighth Amendment, Plaintiff must show: (1) he faced a substantial risk of serious harm–namely, a substantial risk that he would be attacked by another inmate; (2) Defendants were deliberately indifferent to the risk of harm to Plaintiff; and (3) Plaintiff would have suffered less harm had Defendants not been deliberately indifferent. *Farmer v. Brennan*, 511 U.S. 825, 834-45, 114 S.Ct. 1970 (1994); *Shelton v. Bledsoe*, 775 F.3d 554, 654-65 (3d Cir. 2015); *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997). Plaintiff alleges that he was threatened by an inmate, he repeatedly notified prison officials of his safety concerns, prison officials took minimal or inappropriate action in response, and ultimately, he was attacked in his cell. This claim therefore has some arguable merit.

As to the negligence claim, under the Federal Tort Claims Act ("FTCA"), the court must apply the law of the state in which the allegedly negligent act or omission occurred. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 179 (3d Cir. 2000) (citing 28 U.S.C. § 1346(b)(1)). Here, the conduct at issue occurred in Pennsylvania; therefore, Pennsylvania law governs this claim and requires Plaintiff establish the following: (1) "a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct of the protection of others against unreasonable risks"; (2) "defendant's failure to conform to the standard required"; (3) "a causal connection between the conduct and the resulting injury"; and "(4) actual loss or damage resulting to the plaintiff." *R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2006). As discussed above, Plaintiff alleges that prison officials failed to take his grievances and reports about his safety concerns seriously or handle them appropriately and he was ultimately attacked in his cell. While some of these acts or omissions may be

7

more likely to prevail as negligence than others, I cannot say that they are completely without merit.

The first *Tabron* factor, plaintiff's ability to present his own case, is "perhaps the most significant[.]" *Montgomery*, 294 F.3d at 501. In evaluating this first factor, courts should consider "the plaintiff's education, literacy, prior work experience, and prior litigation experience . . . plaintiff's ability to understand English . . . or, if the plaintiff is a prisoner, the restraints placed upon him or her by confinement." *Tabron*, 6 F.3d at 156. Plaintiff has shown he sufficiently understands court procedure and has been able to present arguments and respond to Defendants' failure to answer the Complaint. However, Plaintiff asserts he has restricted access to legal research materials because he is currently in the R.H.C. and is allowed only two hours in the law library per week. (Doc. 29 ¶¶ 4-6). Plaintiff's limited law library access slightly tips the balance of this factor in his favor.

As demonstrated through my permission for Plaintiff to proceed *in forma pauperis*, Plaintiff is unable to afford an attorney. (Doc. 8). Additionally, Plaintiff has independently attempted to obtain counsel without success. (Doc. 29). Accordingly, the fourth factor, Plaintiff's ability to retain counsel on his own, also weighs in favor of granting the Motion.

The remaining *Tabron* factors, however, weigh against appointing counsel. While Plaintiff's claims may be complex in that they involve both state and federal law, the context in which they exist is not as complex as other possible Eighth Amendment claims, such as deliberate indifference to medical needs. *See Montgomery*, 294 F.3d at 502 (citing *Parham v. Johnson*, 126 F.3d 454, 459 (3d Cir. 1997)). Further, as suggested by the exhibit references and descriptions throughout his Complaint,[3] Plaintiff has been able to obtain a number of relevant records to support

---

[3] Plaintiff references exhibits and describes their content throughout his Complaint; however, these exhibits were not attached to his filing.

8

his claims, (*see* Doc. 1 *generally*), and the nature of his claims to do not appear to require expert testimony.  While Plaintiff notes he has had difficulty obtaining some of the evidence he has sought, such as other prisoners who witnessed the events and have since been transferred or released, at this time it does not appear that his claims "require extensive discovery[.]"  *Tabron*, 6 F.3d at 156.  Lastly, though it is likely credibility determinations may influence in the outcome of the case, this *Tabron* factor weighs in favor of appointing counsel only when "the case [is] solely a swearing contest[,]" which Plaintiff's claims do not appear to be.  *Parham*, 126 F.3d at 460.

Because "most of" the *Tabron* factors have not been met at this time, Plaintiff's Motion to Appoint Counsel will be denied.  *Montgomery*, 294 F.3d at 505 (quoting *Parham*, 126 F.3d at 461) (internal quotation marks omitted) (alternation in original).

### IV. Conclusion

For the above stated reasons, Defendant's Motion to Appoint Counsel (Doc. 29) will be denied and Defendant's Motion to Set Aside Default Judgment (Doc. 23) will be conditionally denied.

An appropriate order follows.

January 7, 2019
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge